# Wytheville.

## THE SUBURBAN COMPANY AND OTHERS *v.* TURNER'S ADMINIS-TRATOR AND OTHERS.

### June 14, 1906.

#### Absent, Cardwell, J.

1. TRUSTS—*Sale of Contingent Interest—Deposit of Funds—Loss of Land—Suit by Purchaser—Case in Judgment.*—A testator devised land to B. for life, with remainder in fee to his issue, if any, and if none, to testator's heirs. Subsequently in a suit by B. to construe the will, determine the interests of the respective parties, and apply B.'s share to the payment of certain liens thereon, the whole fee-simple estate in the land was sold to T., and B.'s share was paid to his creditors, and the value of the interest in remainder was deposited in bank on compound interest, to be thereafter paid to the parties entitled thereto. The heirs of the testator were parties to this suit and consented to the sale. In a subsequent suit to clear the title to part of the land it was held that the proceedings in the first mentioned suit were void as to the children of B. The heirs of the testator were not parties to the last mentioned suit. An appeal was taken from that decision to this court, which affirmed the decree of the trial court. Thereupon the present suit was instituted by the administrator of T., the purchaser of the land, to recover the money deposited in bank on the ground that a trust attached thereto in consequence of the loss of the remainder in the land, and the trial court so held, although B. is still living.

*Held*: This was error, as it cannot be told during the lifetime of B. who will be entitled to the remainder in the land. He may leave no issue, and in that event the remainder will go to the testator's heirs; but they are estopped to claim it, as they were parties to the first mentioned suit and consented to the sale. The

fund in bank should be held until the death of B., when it can be known with certainty to whom it should be paid.

Appeal from a decree in chancery of the Circuit Court of the city of Norfolk. Decree for complainants. Defendants appeal.

*Affirmed.*

The opinion states the case.

*William W. Old & Son, John B. Jenkins,* and *W. L. Williams,* for the appellants.

*James E. Heath, R. C. Marshall,* and *W. H. Sergeant,* for the appellees.

Buchanan, J., delivered the opinion of the court.

In the year 1867 D. C. Barraud, Sr., died in the city of Norfolk, leaving a will, by which, among other things, he gave to his grandson, D. C. Barraud, Jr., a life estate in a farm containing one hundred acres, known as "Barron's," with remainder to his lawful issue, if he should die leaving any, and if he should die without such issue, then the remainder was to pass, under the residuary clause of the will, to the persons named therein.

Upon the death of the testator, the life tenant took possession of the "Barron's" farm, and subsequently incumbered his estate by deeds of trust and judgments.

In the year 1874, D. C. Barraud, Jr., and others, united as complainants in a chancery suit against R. C. Marshall and others. The object of the suit, as stated in the bill, was "to construe the said will; to fix and determine the rights and interests of the various parties interested therein; to protect and provide for the annuities, and to make partition in kind of the

real estate so devised by the said D. C. Barraud, deceased, to and among the parties entitled thereto, according to their respective shares and interests, so that the part or share of your orator, the said D. C. Barraud, therein may be set apart in kind, if practicable and so far as practicable, and sold for the benefit of the creditors under the said deeds of trust and judgment creditors aforesaid."

In the year 1875 a decree was entered directing the sale of the "Barron's" farm, remainder, as well as the life estate. In the year 1878 a consent decree was entered confirming a private sale of the farm to William H. Turner. This decree also ascertained the remainder interest in the proceeds of that sale to be $1,150.10, and directed it to be deposited in the Citizens Bank of Norfolk, bearing compound interest, to await the death of the life tenant; and at the same term of the court a final decree was entered striking the case from the docket.

In the year 1885 William H. Turner, the purchaser at the sale mentioned, died, leaving a will by which he devised the "Barron's" farm to his son, Henry L. Turner, during his life, and the remainder in fee to his grandson, William H. Turner, Jr. In the year 1891 the said Henry L. Turner and William H. Turner, Jr., conveyed to the North East Norfolk Land Company the whole of the "Barron's" farm, with covenants of general warranty, but in the year 1894 the said land company reconveyed to Henry L. Turner for life and the remainder in fee to William H. Turner, Jr., about thirty acres of the said farm. The residue of the "Barron's" farm, about seventy acres, is now owned by, or is subject to the liens of the appellants, except the Citizens Bank of Norfolk.

In the year 1901 Henry L. Turner, the life tenant of the thirty acres of the "Barron's" farm, and the heirs of the remainderman, William H. Turner, Jr., deceased, instituted a

suit against the children of D. C. Barraud, Jr., to remove a cloud upon the title to the said thirty acres of land growing out of the claim of the children of the said D. C. Barraud, Jr., that they were not parties to nor bound by the decrees entered in the cause of *Barraud, &c.,* v. *Marshall, &c.,* heretofore referred to. Upon a hearing of the said cause of *Turner, &c.,* v. *Barraud, &c.,* the Circuit Court of the city of Norfolk held that the action of the court in selling the remainder interest of the children of D. C. Barraud in the "Barron's" farm was not binding upon them, and that the decrees and other proceedings in the cause of *Barraud, &c.,* v. *Marshall, &c.,* so far as they affect the rights of the said children in and to the land in controversy were null and void. Upon appeal that action of the Circuit Court was affirmed. The history of the case and the reasons for this court's decision are fully set out in the opinion of the court in the report of the case, which is found in 102 Va. 324-338, 46 S. E. 318.

After the affirmance of the decree appealed from in that case, the personal representative of William H. Turner, deceased (the purchaser of the "Barron's" farm in the case of *Barraud, &c.,* v. *Marshall, &c.*), instituted his suit in the Circuit Court against the Citizens Bank of the city of Norfolk and others, to compel that bank to pay or turn over to him the said sum of $1,150.10 (and its interest), deposited with that bank under decree of the court in the case of *Barraud, &c.,* v. *Marshall, &c.,* as above stated.

The ground upon which the complainant bases his right to maintain his suit to recover the said sum is, as stated in his bill, that inasmuch as the said William H. Turner, under the decrees in the said case of *Barraud, &c.,* v. *Marshall, &c.,* acquired only an estate for and during the life of D. C. Barraud, Jr., in the "Barron's" farm, a trust immediately arose to pay

back to him the said sum of $1,150.10, and that in equity the same continued to be, and was at his death, the property of William H. Turner, and that the complainant, as his personal representative, is entitled to recover the same from the said Citizens Bank of Norfolk, which is trustee for whoever might be entitled thereto; and that inasmuch as the suit of *Barraud, &c., v. Marshall, &c.,* had been removed from the docket, it had become necesary for him to institute a new suit in order to recover the said sum.

At the instance of the Citizens Bank, the stakeholder, all persons in interest were made parties to the suit, and upon a hearing of the cause the Circuit Court granted the relief prayed for in the bill. From that decree the Citizens Bank and the parties who claim title to, or liens upon, the seventy acres of the "Barron's" farm under Henry L. Turner and William H. Turner, Jr., devisees of William H. Turner, Sr., obtained this appeal.

As above stated, D. C. Barraud, Sr., devised a life estate in the "Barron's" farm to D. C. Barraud, Jr., and the remainder to his lawful issue, and, in the event he died without lawful issue, to the testator's heirs, and the money representing the proceeds of that remainder interest was deposited in the Citizens Bank of Norfolk, carrying compound interest, for the benefit of such person or persons as may be entitled to the same under the will of D. C. Barraud, Sr., at the death of D. C. Barraud, Jr.

It was held in the case of *Turner v. Barraud,* 102 Va. 324, 46 S. E. 318, that the sale of the remainder, so far as it affected the rights of the issue of D. C. Barraud, Jr., was null and void as to the thirty acres of the "Barron's" farm involved in that case. But the heirs of D. C. Barraud, Sr., were not parties to that suit. Neither were the alienees of Henry L. Turner

and William H. Turner, Jr., the devisees of William H. Tur-
ner, Sr., the claimants of the seventy acres residue of the "Bar-
ron's" farm, parties to it. The decree in that case cannot affect
the rights of the parties to this suit who were not parties to that
suit. But as the facts in this case are substantially the same
as in that case, as to the validity of the sale of the remainder,
so far as it affected the rights of the issue of D. C. Barraud, Jr.,
a like conclusion ought to be reached in this case. Treating,
however, the sale of the remainder in the "Barron's" farm in
the case of *Barraud, &c.,* v. *Marshall, &c.,* as a nullity so far as
it affected the rights of the issue of D. C. Barraud, Jr., it does
not follow that it was a nullity as to the heirs of D. C. Barraud,
Sr. They were parties to that suit and consented to the decree
which confirmed the sale of the "Barron's" farm, which in-
cluded the remainder, as well as the life estate. This being so,
they would not be heard to object that the sale as to them
was not valid and binding, and upon the death of D. C. Bar-
raud, Jr., without issue, as it is possible, the heirs of D. C.
Barraud, Sr., would be entitled to the fund deposited in the
Citizens Bank, and the title to the remainder interest in the
"Barron's" farm would be perfected in those who have acquired
the rights of William H. Turner, Sr., the purchaser in the case
of *Barraud, &c.,* v. *Turner, &c.* In that event the estate of Wil-
liam H. Turner, Sr., will not be entitled to the fund in bank,
nor will the parties who claim under him. If it were paid to
the personal representative of said Turner now, or to those who
claim under him, he would be getting what he may not be en-
titled to, and the heirs of D. C. Barraud, Sr., might be de-
prived of what they might be entitled to. In either event in-
justice might be done. But if the money on deposit in bank is
held until the death of D. C. Barraud, Jr., then and not till
then will it be known with certainty to whom it should be paid.

This seems to us the only safe and proper course to pursue, and the Circuit Court should have so held, and dismissed the bill of the personal representative of William H. Turner, Sr., deceased, without prejudice.

*Reversed.*